**James William COLLINS, Appellant,**

v.

**Lawrence E. WILSON, Warden, San Quentin Prison, Appellee.**

**No. 20633.**

United States Court of Appeals
Ninth Circuit.

Nov. 18, 1966.

James William Collins, in pro. per.

Thomas C. Lynch, Atty. Gen., Robert R. Granucci, Michael J. Phelan, Deputy Attys. Gen., San Francisco, Cal., for appellee.

Before BARNES, HAMLEY and BROWNING, Circuit Judges.

PER CURIAM:

James William Collins, a California state prisoner, commenced this habeas corpus proceeding in the district court. As his only ground for relief, Collins alleged that, in connection with in-custody police interrogation at which incriminating statements were taken which were later used against him, he was not advised of his rights to counsel and to remain silent, nor was he advised that any statement he made could be used against him. After the filing of a return and a reply thereto, the district court denied the application, holding, in effect, that Collins had not alleged facts entitling him to relief. Collins appeals.

Collins relies primarily on the principles of constitutional law respecting in-custody police interrogation as announced in Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977, decided on June 22, 1964. But the principles there announced are not to be applied to trials which began before the date on which that decision was announced. Johnson v. State of New Jersey, 384 U.S. 719, 732, 86 S.Ct. 1772, 16 L.Ed.2d 882. Collins' state criminal trial began before that date. Moreover, the allegations referred to above do not, in any event, bring into play the principles announced in *Escobedo*, for that decision, as the *Johnson* Court held, applies only where the suspect has requested and been denied an opportunity to consult with his lawyer. See Johnson, supra, 384 U.S. at 734, 86 S.Ct. 1772.

While Collins' allegations concerning his interrogation, if sustained, show a violation of the constitutional principles announced in Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, decided on June 13, 1966, *Johnson* also held that *Miranda* is not to be applied retroactively.

Collins also contends that he has alleged facts showing that in connection with his interrogation he was denied constitutional rights articulated in Massiah v. United States, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246. The Supreme Court there held that one suspected of a crime is denied a fundamental constitutional right when incriminating statements elicited from him by law enforcement officials after he had been indicted

and in the absence of his retained counsel, were used against him at his criminal trial. *Massiah* has no application under the facts of the case now before us, for at the time of the interrogation complained of, Collins had not been indicted, nor did he then have retained counsel.

In this court Collins has moved to augment the record by incorporating the closing arguments of the prosecution in his state criminal trial. He asserts that these materials will show that the state prosecutor made comments to the jury inferring that his failure to answer questions during police interrogation demonstrate his guilt.

No such contention was made in the district court, and the materials sought to be brought before us are no part of the district court record.

The motion to augment the record is denied, and the order denying the application for a writ of habeas corpus is

Affirmed.